## FEES IN PARTITION.

### Common Pleas Court of Cuyahoga County.

## WILLIAM A. SITES ET AL V. MILTON S. KOHN ET AL.

### Decided, March 28, 1927.

*Partition—Section 12050 Construed—To Entitle Counsel for Defendant to a Fee—Requires that he Should have Performed some Service of Common Benefit.*

1. An amicable partition is a formal proceeding which requires only the attention of the attorney who filed the suit and is regarded as acting for all the parties, and an allowance to other counsel can be made only upon a showing that service has been performed which has been of benefit to all parties to the case, such as supplying an omission or rectifying an error in the proceedings.

2. The reasonable fee which the statute permits to be allowed to counsel in a partition case may be taxed as costs and thereby become apportioned among the parties in accordance with their respective interests.

*Schaefer & Lawrence,* for plaintiffs.
*R. D. Metzner,* for defendant.

KRAMER, J.

This is a case in partition involving three parties.

It appears that counsel for the two defendants rendered substantial service in the nature of consultations with counsel for plaintiff and with his own clients which materially assisted in permitting the proceeding to be carried through without contest.

Counsel for defendants claims to be entitled to an allowance for fees for such services. It is also claimed that the court should assess the fees of counsel equally between the parties that is, one-half against plaintiff and one-half against both defendants.

The questions herein met, so far as the court can ascertain, have never before arisen in this court. It seems to have been the universal practice in cases of amicable partition where the defendants have been represented by counsel who had properly participated in the case, for counsel to divide the fee upon some equitable basis. The schedule of fees fixed by the court was in contemplation of this custom.

1. There seems to be no room for doubt that the law

does not provide a fee for defendant's counsel in partition. The statute, General Code 12050 provides:

"Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity, the court shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which must be paid to plaintiff's counsel, unless the court awards some part thereof to other counsel for service in the case for the common benefit of all the parties. *      *      *"

To permit a fee to defendant's counsel it must, therefore, appear that he rendered some service "for the common benefit of all the parties." In construing this language the courts adopt the theory that an amicable partition, which means a partition which is not contested, is a formal matter requiring only the services of the counsel who has initiated the action, who is held to be acting for the benefit of all the parties. If in his conduct of the case he omits to do things necessary to be done and counsel for defendants rectify his error, then counsel for de-defendants is held to have done some service for the benefit of all the parties. *Edwards* v. *Whins,* 2 N. P. (N.S.), 464; *Young* v. *Stone,* 55 O. S., 625.

There seems to be no other circumstances under which the defendant's counsel may be allowed a fee. For example: In *Leyman* v. *Leyman,* 19 O. C. C., 654, it was held that part of the attorney fee should be allowed to defendant's attorney when he filed a demurrer for defect of parties which resulted in making new parties. While in *Richards* v. *Richards,* 13 O. N. P. (N.S.), 153, counsel filed cross petitions bringing in the husbands and wives of the parties in interest. There existed authority of some importance in this state, indicating that these persons were necessary parties. The court, however, decided that the husbands and wives were not necessary parties and that therefore the services of counsel filing the cross-petitions resulted in no benefit to the parties to the suit and refused them compensation.

No authority has been cited to the court where it had at any time been held otherwise, and the court is therefore of the opinion that the counsel for defendants herein are not entitled to a fee under the Ohio statute.

2.  The court, then, is required to fix the fee to be allowed plaintiff's counsel, under the rule of law that he should be allowed a reasonable compensation for the services performed.  The court considers that liberal compensation for the services performed in this case would be the sum of $475, which is substantially the same result that would follow from an adjustment of the fee in the ordinary manner.  The amount therefore allowed to plaintiff's counsel is fixed at $475.

3.  As the counsel fee allowed is taxed as costs and thereby becomes apportioned to the parties in accordance with their respective interests, the court sees no reason why this apportionment is not the fair and equitable apportionment and the fee herein allowed will therefore be taxed as costs herein.